Filed 6/21/17 (Certified for Publication 7/7/17 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| JAMES FREDRICK MENEFIELD, | C083356 |
| Plaintiff and Respondent, | (Super. Ct. No. 34201680002338CUWMGDS) |
| v. | |
| BOARD OF PAROLE HEARINGS, | |
| Defendant and Respondent. | |

This case is about the validity of a regulation governing a circumstance the Board of Parole Hearings (the board) can consider when determining whether a person convicted of a crime punishable with an indeterminate life sentence is unsuitable for parole: California Code of Regulations, title 15, section 2402, subdivision (c)(6) (hereafter, section 2402(c)(6)). Section 2402(c)(6) provides that an inmate's "serious misconduct in prison or jail" can tend to show his or her unsuitability for parole.

In challenging the validity of the regulation, petitioner first contends the regulation lacks clarity because it does not define "serious misconduct," and thus also fails to inform

1

prisoners they may be denied parole for committing minor or administrative infractions. Second, petitioner contends he should be permitted to amend his petition for a writ of mandate to include a claim that the regulation is unconstitutionally vague.

We affirm the judgment of the trial court, which dismissed petitioner's writ petition on the basis that he failed to state a claim for relief because the regulation at issue does not lack clarity. We also conclude that petitioner has not stated sufficient facts to support a claim that the regulation is constitutionally vague.

PROCEDURAL AND FACTUAL BACKGROUND

Petitioner, a life inmate, filed a petition for writ of mandate in the trial court challenging section 2402(c)(6). California Code of Regulations, title 15, section 2402, subdivision (c) articulates circumstances tending to show unsuitability for parole. "These circumstances are set forth as general guidelines; the importance attached to any circumstance or combination of circumstances in a particular case is left to the judgment of the panel." Section 2402(c)(6) specifies that the panel may consider an inmate's institutional behavior and determine he or she unsuitable for parole if "[t]he prisoner has engaged in serious misconduct in prison or jail."

Petitioner's challenge to section 2402(c)(6) in the trial court was based on the contention he raises here, namely, that the board failed to substantially comply with the Administrative Procedure Act's clarity standard. Petitioner argued that because the regulation does not define the term "serious misconduct," life prisoners do not know what type of conduct can result in the denial of parole. Further, he contended, this lack of clarity has resulted in life prisoners being denied parole for minor institutional misconduct. With regard to this contention, the trial court ruled that the regulation was clear because California Code of Regulations, title 15, section 2402 states that the board can consider all institutional misconduct when making a parole suitability determination and because the term "serious misconduct" is defined in a related regulation.

2

The court reasoned that "[s]ection 2402, subdivision (b) indicates that all 'relevant, reliable information available to the panel *shall be considered* in determining suitability for parole.' " This includes the circumstances listed in California Code of Regulations, title 15, section 2402, subdivision (c), which includes, among other things, an inmate's "serious misconduct in prison or jail." This subdivision, however, does not provide an exclusive list of factors and instead provides "merely [']general guidelines['] to consider." The relevant and reliable information to be considered also includes that set forth in California Code of Regulations, title 15, section 2402, subdivision (d)(9), which provides that " '[i]nstitutional activities indicat[ing] an enhanced ability to function within the law upon release' " can be considered when determining suitability for parole. Given these provisions, the court ruled that "a life prisoner [is] on notice that [the board] may consider minor or administrative misconduct in making a parole suitability determination." Further, " 'serious misconduct' is defined in [California Code of Regulations, title 15,] section 3315, thus providing clarity as to its definition." As a result, the trial court sustained the board's demurrer to petitioner's clarity claim without leave to amend. Petitioner did not challenge the regulation on the ground that it was constitutionally vague.

In this court, petitioner challenges the trial court's order sustaining without leave to amend the demurrer to his claim and brings a separate claim that he should be allowed to amend his petition to include a claim that the regulation is unconstitutionally vague.

DISCUSSION

I

*The Challenged Regulation Does Not Lack Clarity*

Petitioner contends the trial court erroneously sustained the demurrer to his claim that section 2402(c)(6) lacks clarity, arguing the same grounds he argued before the trial court -- namely, that "serious misconduct" is not defined in the regulation and the board has interpreted the regulation to deny life prisoners parole for minor or administrative

3

misconduct. We agree with the board that section 2402(c)(6) is clear because the term "serious misconduct" is defined in a related regulation. Further, California Code of Regulations, title 15, section 2402 indicates that the circumstances set forth in subdivision (c) are not an exhaustive list. Accordingly, California Code of Regulations, title 15, section 2402 as a whole adequately informs the board and life prisoners that minor and administrative misconduct can be considered when determining a life prisoner's unsuitability for parole.

A demurrer tests the legal sufficiency of the challenged pleading. (*Milligan v. Golden Gate Bridge Highway & Transportation Dist.* (2004) 120 Cal.App.4th 1, 5.) The standard of review of an order of dismissal following the sustaining of a demurrer is well established. We independently evaluate the challenged pleading, construing it liberally, giving it a reasonable interpretation, reading it as a whole, and viewing its parts in context. (*Id*. at pp. 5-6.) We assume the truth of all material facts properly pleaded or implied and consider judicially noticed matter, but we do not assume the truth of contentions, deductions, or conclusions of law. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; *Aubry v. Tri-City Hospital Dist*. (1992) 2 Cal.4th 962, 966-967.) We determine de novo whether the factual allegations of the challenged pleading are adequate to state a cause of action under any legal theory. (*Milligan*, at p. 6.) We will affirm the judgment if proper on any grounds stated in the demurrer, whether or not the trial court acted on that ground. (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324.) The appellant bears the burden of demonstrating the demurrer was sustained erroneously. (*Friends of Shingle Springs Interchange, Inc. v. County of El Dorado* (2011) 200 Cal.App.4th 1470, 1485.)

The Administrative Procedure Act (Gov. Code, § 11340 et seq.) requires that agencies draft regulations "in plain, straightforward language, avoiding technical terms as much as possible, and using a coherent and easily readable style. . . ." (Gov. Code, § 11346.2, subd. (a)(1).) A regulation is drafted with "clarity" when it is "written or

4

displayed so that the meaning of regulations will be easily understood by those persons directly affected by them." (Gov. Code, § 11349, subd. (c).) "A regulation shall be presumed not to comply with the 'clarity' standard if," among other things, "the regulation uses terms which do not have meanings generally familiar to those 'directly affected' by the regulation, and those terms are defined neither in the regulation nor in the governing statute." (Cal. Code Regs., tit. 1, § 16, subd. (a)(3).) Persons who are presumed to be " 'directly affected' " by a regulation are those who are legally required to comply with or enforce the regulation or who receive a benefit or suffer a detriment from the regulation that is not common to the public in general. (Cal. Code Regs., tit. 1, § 16, subd. (b).)

Here, the persons " 'directly affected' " by the regulation are life prisoners who will come before the board for a determination of their suitability for parole, and the board, which interprets the regulation when determining an inmate's suitability for parole. We conclude that the regulation is clear to both these persons " 'directly affected' " by the regulation.

Life prisoners are generally familiar with the meaning of the term "serious misconduct in prison or jail" because a similar term is defined in another regulation also applicable to life prisoners. California Code of Regulations, title 15, section 3315 (section 3315) enumerates an extensive and nonexclusive list of institutional rule violations deemed "serious." It also includes an inmate's procedural and due process rights to an investigation, hearing, and punishment for any serious rule violation he or she is alleged or found to have committed. (§ 3315.) This regulation " 'directly affect[s]' " the same persons affected by section 2402(c)(6) because both regulations apply to prisoners in correctional institutions, including life prisoners who will go before the board. Because the same class of individuals is " 'directly affected' " by section 2402(c)(6) and section 3315, and section 3315 defines what it means to have

5

committed "serious rules violations," section 3315 provides life prisoners with a general meaning of what it means to have committed "serious misconduct in prison or jail."

Petitioner acknowledges that section 3315 defines "[s]erious [r]ule [v]iolations," but argues that this regulation does not indicate whether the term shares the same meaning as the regulation he challenges. This is not the standard for determining clarity under the Administrative Procedure Act. The question before us is whether "the regulation uses terms which do not have meanings generally familiar to those 'directly affected.' " (Cal. Code Regs., tit. 1, § 16, subd. (a)(3).) "Serious misconduct in prison or jail" does have a meaning generally familiar to life prisoners because these prisoners are subject to disciplinary rules regarding their conduct, which include a prohibition against serious rule violations as defined in section 3315. Section 3315 provides life prisoners with an understanding of misconduct considered serious in an institutional facility, thus also providing them with a sufficient basis for understanding the intended meaning of the term "serious misconduct in prison or jail" for the purposes of parole eligibility.

The regulation is also clear to the board, which interprets and applies it. Petitioner argues that the unclear meaning of "serious misconduct in prison or jail" allows for an arbitrary and capricious interpretation of the regulation by the board, which has resulted in hearing officers basing a denial of parole on a prisoner's minor or administrative misconduct. We disagree.

In assessing whether "the inmate poses 'an unreasonable risk of danger to society if released from prison,' and thus whether he or she is suitable for parole," the board is guided by California Code of Regulations, title 15, section 2402. (*In re Prather* (2010) 50 Cal.4th 238, 249.) Included in California Code of Regulations, title 15, section 2402 is a list of circumstances tending to show *unsuitability* for parole -- including certain types of commitment offenses, unstable social background, and serious misconduct in prison or jail. (Cal. Code Regs., title 15, § 2402, subd. (c).) California Code of Regulations, title 15, section 2402 also contains a separate list of circumstances tending

6

to show *suitability* for parole -- such as an inmate's rehabilitative efforts and demonstration of remorse, the mitigating circumstances of the crime, and his or her institutional behavior indicating an enhanced ability to function within the law. (Cal. Code Regs., title 15, § 2402, subd. (d).) "[T]he regulation explains that the . . . circumstances 'are set forth as general guidelines; the importance attached to any circumstance or combination of circumstances in a particular case is left to the judgment of the panel.' " (*In re Lawrence* (2008) 44 Cal.4th 1181, 1203.) "[T]he paramount consideration for . . . the [b]oard . . . under the governing statutes is whether the inmate currently poses a threat to public safety . . . ." (*In re Shaputis* (2008) 44 Cal.4th 1241, 1254; *Prather*, at pp. 251-252.)

According to the regulations, serious misconduct tends to show an inmate is unsuitable for parole and thus a risk to public safety. (§ 2402(c)(6).) Conversely, no or limited institutional misconduct tends to show suitability for parole, thus showing the inmate does not pose a risk to public safety, because the inmate has demonstrated an ability to conform his or her behavior to the law. (Cal. Code Regs., title 15, § 2402, subd. (d)(9).) Keeping in mind that the regulations at issue are "general guidelines" and the board is allowed to consider all "relevant [and] reliable information available," we conclude the board's consideration of minor misconduct does not stem from any arbitrary or capricious interpretation of section 2402(c)(6). We thus conclude that the term "serious misconduct in prison or jail" does not lack clarity.

II

*Petitioner Cannot Amend His Petition To State A Claim That*

*The Regulation Is Constitutionally Vague*

Petitioner contends that he should be allowed to amend his petition for a writ of mandate to include a claim that section 2402(c)(6) is unconstitutionally vague. The board counters that petitioner has not alleged sufficient facts to state a vagueness claim. We agree with the board.

7

If the trial court sustained a demurrer without leave to amend, we consider whether the challenged pleading might state a cause of action if the petitioner were permitted to amend. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) If the petition could be amended to state a cause of action, the trial court abused its discretion in denying leave to amend and we will reverse; if not, there has been no abuse of discretion and we will affirm. (*Ibid.*) The petitioner bears the burden of showing a reasonable possibility that a defect can be cured by amendment. (*Ibid.*) Here, petitioner seeks to amend his petition to include a claim that section 2402(c)(6) is unconstitutionally vague.

The due process clauses of the federal and state Constitutions require a reasonable degree of certainty in legislation. (*People v. Superior Court* (*Caswell*) (1988) 46 Cal.3d 381, 389.) In order to withstand a facial vagueness challenge, a statute or an administrative regulation must provide adequate notice of the conduct proscribed or prescribed, and it must provide sufficiently definite guidelines for enforcement. (*Id.* at pp. 389-390; *Cranston v. City of Richmond* (1985) 40 Cal.3d 755, 763-764.) Regulation " 'which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law,' " i.e., fairness. (*Caswell*, at p. 389; see *Cranston*, at p. 763.) People must have notice of what is required of them so that they may act accordingly. (*Caswell*, at p. 389; *Cranston*, at p. 763.)

Where, as here, a vagueness challenge does not involve First Amendment freedoms, we look at the regulations at issue not in the abstract but in the context of the facts of this case. (*Cranston v. City of Richmond*, *supra*, 40 Cal.3d at p. 765; *Arellanes v. Civil Service Com.* (1995) 41 Cal.App.4th 1208, 1217.) While there may be a lack of specificity in the regulations themselves, the required specificity may be provided by the common knowledge and understanding of persons to which the regulations apply. (*Cranston*, at p. 765.)

Petitioner has not alleged any specific facts regarding himself or his posture as a life inmate seeking parole for a meaningful analysis of his vagueness claim and only argues that California Code of Regulations, title 15, section 2402 is vague in the abstract. Further, as shown in the previous discussion, California Code of Regulations, title 15, section 2402 is not vague, nor does it otherwise lack clarity, because the term "serious misconduct in prison or jail" has meaning to the life prisoners and the board to which the regulation applies. Accordingly, petitioner cannot show a reasonable possibility that an amendment would cure the defect in his petition for writ of mandate.

## DISPOSITION

The judgment dismissing plaintiff's petition is affirmed.

/s/_____

Robie, J.

We concur:

/s/_____

Blease, Acting P. J.

/s/_____

Renner, J.

Filed 7/7/17

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| JAMES FREDRICK MENEFIELD, | C083356 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2016-80002338-CU-WM-GDS) |
| v. | |
| BOARD OF PAROLE HEARINGS, | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendant and Respondent. | [NO CHANGE IN JUDGMENT] |

THE COURT:

The opinion in the above-entitled matter filed June 21, 2017, was not certified for publication in the Official Reports. For good cause it appears now that the opinion should be published in the Official Reports and it is so ordered. There is no change in judgment.

1

EDITORIAL LISTING


APPEAL from a judgment of the Superior Court of Sacramento County, Michael P. Kenny, Judge.  Affirmed.

James Fredrick Menefield, in pro. per., for Plaintiff and Appellant.

Xavier Becerra, Attorney General, Phillip J. Lindsay, Senior Assistant Attorney General, Jessica N. Blonien, Supervising Deputy Attorney General, Heather M. Heckler, Deputy Attorney General, for Defendant and Respondent.


BY THE COURT:


 /s/
Robie, J.


 /s/
Blease, Acting P. J.


 /s/
Renner, J.

2